Your name: Geerte Frenken
Address: Postbus 7024
9701 JA, Groningen, The Netherlands
Phone Number: +31-631524956
E-mail Address: info@freejasmijn.com
Pro Se Plaintiff

ORIGINAL FILED

MAY -9 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*San Francisco*

CV17 2667 EDL

| | |
|---|---|
| GEERTE M. FRENKEN <br> Postbus 7024 <br> 9701 JA, Groningen, The Netherlands <br><br> Plaintiff(s), <br><br> vs. <br><br> DAVID J. HUNTER <br> an individual, and DOE 1 through 50, <br> inclusive <br> P. O. Box 692 <br> Fairfax, CA 94978 <br><br> Defendant(s). | Case Number: _____ <br><br> Magistrate Judge: Hon. Elizabeth D. Laporte <br><br> **COMPLAINT FOR DAMAGES:** <br> 1. **DEFAMATION AND DEFAMATION PER SE** <br> 2. **FALSE LIGHT INVASION OF PRIVACY** <br><br> [DEMAND FOR JURY TRIAL] |

Plaintiff Geerte M. Frenken ("Ms. Frenken") alleges against Defendants David J. Hunter ("Mr. Hunter"), and DOES 1 through 50 (collectively, "Defendants") as follows:

**INTRODUCTION**

This is an action for defamation and false light invasion of privacy as a result of Mr. Hunter's concerted campaign to falsely portray Ms. Frenken as a "*paranoid delusional*" and "*schizoaffective,*" "*well-known drug-addict*" and "*sex worker.*" Mr. Hunter falsely

alleges Ms. Frenken was "*sexually abused by her father,*" is a "*pervert*" and "*lost her teaching job*" as a result. He also falsely claims that Ms. Frenken "*lied*" and "*perjured herself in court,*" and "*attempted to limit and ultimately end parental visitation rights*" of Mr. Hunter. Additionally he claimed that Ms. Frenken "*brainwashed*" and "*ignores*" their child, and *hides in a foreign country,*" while making "*vile false allegations.*" Mr. Hunter's personal attacks on Ms. Frenken are so egregious that they have tarnished her good reputation, both personally and professionally as Lecturer International Communication in The United States, as well as in The Netherlands. Finally, Mr. Hunter's is vicariously using known and unknown third parties to further harass, slander, defame and physically threaten Ms. Frenken.

**1. THE PARTIES**

a) **Plaintiff** Ms. Frenken was and is, at all relevant times, a citizen of The Netherlands. Due to domestic violence inflicted upon her by Defendant Mr. Hunter, local authorities have assisted Ms. Frenken in residing at an undisclosed location. Her contact address is Postbus 7024, Groningen, 9701 JA, The Netherlands.

- Ms. Frenken was a Permanent Resident of the United States of America from 1988 through 2012.
- Ms. Frenken was married to Mr. Hunter from 2001 through 2005, with one child; J████ J████ F████-H████, DOB ████ 2004 ("J████").
- Ms. Frenken and Mr. Hunter divorced on February 6th, 2009.

b) **Defendant** Mr. Hunter was and is, at all relevant times, a citizen of the United States of America, hiding at an undisclosed location in Marin County, California, with the only known contact information of: P. O. Box 692, Fairfax, CA 94978.

- Ms. Frenken is unaware, at this time, of some of the true names of the defendants sued herein as DOES 1 through 50, and therefor sues said defendants by such fictitious names. Ms. Frenken will amend this complaint to allege their

true names when the same have been ascertained. Ms. Frenken is informed and believes and thereon alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that Ms. Frenken's damages herein alleged were proximately caused by such DOE defendants.

- Ms. Frenken alleges on information and belief that each of the defendants was the agent of each of the others, and committed the acts or omissions alleged herein on behalf of each of the other defendants and, at all times relevant herein, acted within the course and scope of such agency or employment.

## 2. JURISDICTION

This Court has jurisdiction over all causes of action asserted herein because all causes of action arise out of conduct undertaken by Defendant Mr. Hunter, who resides in the County of Marin, State of California. The defamatory statements about Ms. Frenken, a citizen of The Netherlands, were emailed by Mr. Hunter to Investigative Journalist Mike Tomale in Groningen, The Netherlands, Director of the Child Victims of the Family Courts and Radio Host Jill Jones-Soderman in New York, New York, as well as Walter Davis, President at Walter Davis Enterprises and Executive producer at Radio and TV Show 'Progress in the World' in Canyon Lake, California. This case belongs in federal court under diversity jurisdiction because the plaintiff lives in another country than any of the defendants AND the amount of damages is more than $75,000.

## 3. VENUE

Venue is proper in this Court under Federal Rules of Civil Procedure 28 U.S. Code § 1332, because the parties are citizens of different states and countries, Defendant Mr. Hunter resides in the County of Marin, State of California, and the controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## 4. INTRADISTRICT ASSIGNMENT

This lawsuit should be assigned to San Francisco because Defendant Mr. Hunter, resides in the County of Marin, State of California.

## 5. STATEMENT OF FACTS AND CLAIMS

a. Plaintiff Ms. Frenken and Defendant Mr. Hunter were married on April 14, 2001 in Marin County, California.

b. Their daughter J███ was born on ███████, 2004 in Kauai, Hawaii.

c. Ms. Frenken filed for divorce on April 10th, 2006 in Nevada County, California, after Mr. Hunter relapsed in his addiction to heroin.

d. Ms. Frenken retained 80% custody and primary residency of J███ and relocated with J███ to Austin, TX with permission of Mr. Hunter.

e. On or about the onset of September 2012, Ms. Frenken visited the Netherlands with J███ with permission from Mr. Hunter. Upon arrival in The Netherlands, J███e disclosed that she had been sexually molested, abused and neglected by Mr. Hunter during visits with him and that she witnessed him using and manufacturing drugs.

f. Ms. Frenken notified the Dutch Police and was referred to Child Protective Services and J███ was investigated by a team of 5 experts (two Medical Doctors and 3 Child Psychologists) at the State Mental Health Clinic GGNet Jeugd in Apeldoorn, The Netherlands, where child abuse, molestation, neglect and possible substance abuse of J███ by Mr. Hunter was confirmed and contact between father and daughter was recommended to be halted.

g. Ms. Frenken informed Mr. Hunter of this recommendation, after which Mr. Hunter forced the return of J███ to the United States through a Hague Convention legal procedure.

h. On or about June 9th, 2009, Mr. Hunter embarked on a smear campaign to damage Ms. Frenken's good reputation and the reputation of others closely associated with Ms. Frenken, by disseminating false statements on social media, through email communications, in motions and in open Court, which continues to this day.

i. On or about August 14, 2016, Mr. Hunter and/or his associates sent an email to Jill Jones-Soderman, Director of the Foundation of the Family Court, and Walter Davis from Walter Davis Enterprises, both Radio Hosts of 'Progress in The World,'

containing Ms. Frenken copyrights-holding art work and false statements, such as:

i. *"During today's interview you ought to ask her to discuss/explain her career as a heroin addicted lap dancer and how that came to be. Which she chronicled in the attached self-portrait paintings she created."*

ii. *"She is hiding a deeply disturbed past. A past where she herself was molested by her own father."*

iii. *"And spent years as a heroin-addicted sex worker desperately trying to seek approval from men. The same dark and twisted approval she received from her own father."*

iv. *"And now years later in a sickened delusion, she is projecting her child/teen/young adult trauma onto her own daughter and ex husband"* (attached hereto and incorporated herein as **EXHIBIT A**).

j. On or about August 19, 2016, Ms. Frenken received an email communication from Investigative Journalist Mike Tomale from the Groninger Krant in The Netherlands stating that he had received an email from Mr. Hunter and he attached Mr. Hunter's email. In the email Mr. Hunter falsely alleges:

i. Ms. Frenken is a *"well-known drug-addict."*

ii. Ms. Frenken *"was also a lap dancer (sex worker)."*

iii. Ms. Frenken's *"own father abused her sexually, and she has projected that deep trauma onto J▮▮▮ and myself"* and that Ms. Frenken *"told me in her own words how her father could not keep his hands off of her body when she was a teenager."*

iv. Ms. Frenken *"lost her teaching job in the US in 2012 after school administrators discovered her self published Internet stories about her heroin addiction, and quite possibly an article that she published regarding sex workers and drug addiction. Apparently the schools were not interested in having [Ms. Frenken's] dark past associated with their school."*

v. Ms. Frenken *"started threatening me with moving with J▮▮▮ from the US to NL beginning in 2009."*

vi. Ms. Frenken *"was attempting to limit and ultimately end my parental visitation rights in US court with J▇ by making false claims that I was actively addicted to drugs."*

vii. Ms. Frenken *"lied to me for months about her and lied to me for months about her reasons for being there (claiming her mother, Ans Aarons, was gravely ill...)."*

viii. Ms. Frenken *"began brainwashing J▇, enrolled her at GGNET and kept J▇'s "treatment" at GGNET a secret, which was illegal."*

ix. Ms. Frenken *"claims numerous health officials in NL say J▇ was abused, yet only one woman "Rita Zecher" (who is known in The Hague courts to stretch the truth) has gone on record claiming J▇ was abused."*

x. Ms. Frenken *"has lost all credibility with Dutch and US courts because she has been caught lying numerous times. 3 different US attorneys have fired her as a client after she was caught perjuring herself in US court"* (attached hereto and incorporated herein as **EXHIBIT B**).

k. Mr. Hunter smears Ms. Frenken in his Twitter campaign of hate, by Twitter handle @Jasmijnisfree, claiming Ms. Frenken *"hides in a foreign country,"* and *"buys heroin for addict"* and *"ignores her own child"* and is *"paranoid delusional"* and *"schizoaffective"* and *"in need of help"* and *"mentally ill and getting worse"* and makes *"vile false allegations"* and *"coaches"* J▇ in to *"lying"* (attached hereto and incorporated herein as **EXHIBIT C**).

l. Mr. Hunter started his Twitter campaign of hate in August, 2015 and from that date onward up to October, 2016, he consistently tweeted outrageous and deranged statements about Ms. Frenken, multiple times a week, such as: *"Ur dad molested u so u became a #Junkie & #SexWorker and now u project those horrors onto your kid. UR sick"* and *"Beware of Duplicitous Allegations #PervertMom is hiding a disturbingly dark past"* and *"look at lewd links and you will see that they are artworks by @FreeJasmijn aka Geerte Frenken"* and *"Mom with long history of drug addiction and sexually disturbed past"* who *"shops for shrinks"* and engages in *"criminal"* and

"*maternal abuse*" acts, and "*nobody wants to work with her*" (attached hereto and incorporated herein as **EXHIBIT D**).

m. On information and belief, Mr. Hunter knew of the falsity of the publicized matter and the false light in which Ms. Frenken would be placed and/or acted with reckless disregard for the truth or falsity of the publicized matter and the false light in which Ms. Frenken would be placed.

n. As a proximate result of Mr. Hunter's wrongful conduct, Ms. Frenken has suffered and will suffer harm, including, but not limited to, harm to Ms. Frenken's business, profession, and/or occupation, expenses paid by Ms. Frenken, harm to Ms. Frenken's reputation and shame, mortification and hurt feelings, in addition to that assumed by law, in an amount in excess of $1,500.000.

o. On information and belief, Mr. Hunter knew the vicious statements would create a false impression about Ms. Frenken and acted with reckless disregard, for, or was at least negligent in determining the truth of, the information or whether a false impression would be created by its publication.

p. On information and belief, Mr. Hunter's malicious conduct was intended to cause injury to Ms. Frenken and was despicable conduct carried on with a willful and conscious disregard of the rights, reputation, and safety of Ms. Frenken. As such, Ms. Frenken is entitled to recover punitive and exemplary damages in an amount to punish Mr. Hunter and deter him from such egregious and reprehensible conduct in the future.

q. As a proximate result of the above-described statements, Ms. Frenken has suffered and continues to suffer irreparable harm to her good reputation and good will, therefor she is also entitled to injunctive relief in order to be fully compensated for her continuing injuries.

### 6. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the

cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case–related papers maybe served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**7. DEMAND FOR RELIEF**

Wherefore Plaintiff Ms. Frenken prays for judgment as follows:

a. For damages in excess of $1,500.000, in an amount to be proven at trial;
b. For punitive and exemplary damages as allowed by law;
c. For preliminary and permanent injunctive relief requiring Defendant Mr. David J. Hunter to remove the Twitter account @jasmijnisfree or any defamatory posts on social media or anywhere they appear on the internet and in print.
d. For preliminary and permanent injunctive relief prohibiting Mr. Hunter from repeating the defamatory statements in any form, including, but not limited to, making additional online posts and sending additional emails.
e. For legal fees and costs as allowed by law;
f. For such other and further relief as the Court may deem just and proper.

**8. DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues.

Date: April 26, 2017            Sign Name:

                                Print Name: GEERTE M. FRENKEN