Geerte Frenken

Postbus 7024

9701 JA, Groningen

The Netherlands

info@freejasmijn.com

+31-631524956

Pro Se Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA**

GEERTE M. FRENKEN,

        Plaintiff,

vs.

The Trustees and Representatives of the Estate of DAVID J. HUNTER, and DOES 2 through 50, inclusive,

        Defendants.

) Case No. 17-cv-02667-EDL
) JUDGE: HON. Elizabeth D. Laporte

**MOTION FOR LEAVE TO**
1. **FILE SECOND AMENDED COMPLAINT**
2. **ADD DEFENDANTS**
3. **PROCEED WITH SERVICE**

TO ALL PARTIES AND COUNSEL OF RECORD: PLEASE TAKE NOTICE that Plaintiff Geerte M. Frenken hereby moves to amend the First Amended Complaint and Add Defendants and have Marshals Proceed with Service. This motion is based on the following grounds:

(1) Federal Rule of Civil Procedure 15(a), and

(2) Having requested the company TWITTER, INC. to remove the offensive account to no avail, Plaintiff requests the Court to insert the company as Defendant (attached hereto and incorporated herein as **EXHIBIT A)**.

(3) Having discovered the true name of some of the Executors, Fiduciaries, Grantors, Guardians, Trustees and/or Beneficiaries of the Estate of DAVID JOHN HUNTER; and DOES 1 through 50, Plaintiff amends her Amended Complaint and requests the Court to insert the true names of CHRISTOPHER PERRY HUNTER, JODY DUFUR HUNTER, AMY HUNTER, as individuals and in their capacities as Executor, Fiduciary, Grantor, Guardian, Trustees and Beneficiaries of the Estate of DAVID J. HUNTER, so the Complaint may read as follows; 'The Executor, Fiduciary, Grantor, Guardian, Trustees and Beneficiaries of the Estate of DAVID JOHN HUNTER; CHRISTOPHER PERRY HUNTER, JODY DUFUR HUNTER, AMY HUNTER, as individuals and in their capacities as Executor, Fiduciary, Grantor, Guardian, Trustees and Beneficiaries of the Estate of DAVID J. HUNTER, TWITTER, INC. and DOES 4 through 50, inclusive,' pursuant to California Code of Civil Procedure 474; "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly" and pursuant to Federal Rule of Civil Procedure 15(a) (2) "A party may amend its pleading with the court's leave. The court should freely give leave when justice so requires."

(3) Federal Rule 25 (a); "Death. (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative."

Dated: June 29, 2017

By Geerte Frenken, Plaintiff In Pro Per