RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
THE IDELL FIRM
A Professional Corporation
96 Jessie Street, Third Floor
San Francisco, CA 94105
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
Email: richard.idell@idellfirm.com
       ory.sandel@idellfirm.com

*Attorneys for Defendant Christopher Perry Hunter*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GEERTE M. FRENKEN,<br><br>             Plaintiff,<br><br>   v.<br><br>The Executor, Fiduciary, Grantor, Guardian, Trustees and Beneficiaries of the Estate of DAVID JOHN HUNTER; CHRISTOPHER PERRY HUNTER, JODY DUFUR HUNTER, AMY HUNTER, as individuals and in their capacities as Executor, Fiduciary, Grantor, Guardian, Trustees and Beneficiaries of the Estate of DAVID JOHN HUNTER; TWITTER, INC.; and DOES 4 through 50, inclusive,<br><br>             Defendants. | CASE NO. CV 17 02667 (HSG)<br><br>**EX PARTE ADMINISTRATIVE MOTION FOR EXTENSION OF TIME FOR DEFENDANT CHRISTOPHER PERRY HUNTER TO RESPOND TO SECOND AMENDED COMPLAINT**<br><br>**[CIVIL L.R. 6-1, 6-3, 7-10, 7-11]**<br><br>Hon. Haywood S. Gilliam, Jr., Presiding<br><br>(E-filing) |

COMES NOW Defendant Christopher Perry Hunter ("Defendant" or "Christopher") and, pursuant to Civil Local Rules 6-1, 6-3, 7-10 and 7-11 of the United States District Court, Northern District of California, hereby moves the Court for an order extending time for Defendant to answer or otherwise respond to the second amended complaint filed by Plaintiff, Geerte M. Frenken ("Plaintiff" or "Geerte"), by at least thirty (30) days, to and including March 1, 2018, as follows:

The facts underlying this matter have a substantial history going back more than a decade, including litigation in the family court of Nevada County and the family and probate courts of Marin County. Although the entire history is not necessary for a determination on this motion, some salient facts are set forth below.

Plaintiff is the ex-spouse of the late David John Hunter ("David").[1] Geerte is a citizen and resident of Holland. After highly contested international litigation under The Hague Convention, David, a U.S. citizen and resident, was awarded full custody of the couple's daughter and only child (the "Minor Child"). David passed away on April 30, 2017.

On May 1, 2017, the Minor Child filed a petition in the Marin probate court for appointment of a guardian for herself. *See* Cal. Probate Code § 1510(a) (a minor 12 years of age or older may file a petition for the appointment of a guardian of the minor). On May 4, 2017, the probate court appointed Christopher, who is David's brother and the Minor Child's uncle, as her guardian. On July 14, 2017, the Minor Child filed an amended petition in the probate proceeding. On August 7, 2017, over Plaintiff's objections, the Marin County Superior Court entered an Order in the probate proceeding appointing Christopher and Naomi Evon as the Minor Child's joint guardians, and forbidding Plaintiff from contacting the Minor Child.

This action was filed on May 9, 2017. Docket No. 1. On May 23, 2017, Plaintiff moved for leave to file an amended complaint, and filed her amended complaint (without obtaining leave of court) on May 24, 2017. Docket Nos. 10, 15. Plaintiff's May 24, 2017 filing, for the first time, added Christopher as a defendant, and she first requested issuance of a summons to Christopher on May 31, 2017. *See* Docket No. 18-3 (Proposed Summons to "New Defendant Christopher Perry Hunter"). On June 29, 2017, Plaintiff filed a second amended complaint, again without obtaining prior leave of court.[2] Docket No. 23.

Not coincidentally, on May 31, 2017, Plaintiff filed a now-related action, *Frenken v.*

---

[1] The marital dissolution proceeding was filed on April 10, 2006, being Nevada County Superior Court Case No. FL06-003936. In February of 2014, the matter was transferred to the Marin County Superior Court and assigned Case No. FL1400764.

*Hunter*, Case No. 17-CV-03125 (HSG). The related action seeks relief pursuant to the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001, *et seq.* [formerly 42 U.S.C. §§ 11601, *et seq.*]. The specific relief requested by Plaintiff's operative complaint in the related action includes, *inter alia*: (a) an order to show cause as to why the Minor Child "should not be returned to her Sole Surviving Parent holding Sole Legal and Physical Custody of [the Minor Child]"; and (b) an order requiring the "immediate return of [the Minor Child] to the Custody of the Plaintiff".[3]

The instant matter is a transparent attempt by Plaintiff to obtain leverage in the related action and exert pressure on the Minor Child and her legally-appointed guardians to give Plaintiff custody of (or at least access to) the Minor Child – against the Minor Child's express wishes. Plaintiff's improper litigation tactics are obvious, given that she has named as defendants Christopher's wife and sister, even though there is neither a legal nor a factual basis for asserting that either of them has any successor liability for acts allegedly committed by David.

Moreover, Plaintiff did not even begin attempting service of summons in this action until after the Marin County probate court issued its order on the Minor Child's amended petition.[4] Christopher was not served with process until January 9, 2018. *See* Docket No. 44; Idell Decl. § 2. Based on that service date, Christopher's response to Plaintiff's second amended complaint would be due on January 30, 2018. Fed. R. Civ. P., rule 12(a)(1)(A)(i); Idell Decl. § 2.

Christopher promptly requested an extension of time from Plaintiff. Idell Decl. § 3, Ex. "A". Although Plaintiff extended the courtesy of a stipulation for an extension of time to two

---

[2] Leave of court was granted at a case management conference held on September 12, 2017. Docket No. 34.

[3] Christopher has moved to dismiss the related action. On September 28, 2017, the Court ruled from the bench that the motion would be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P., Rule 12(d). A ruling on the motion is pending.

[4] Christopher was served with summons and complaint in the related action on June 30, 2017 and presumably could have been served in this action at that time.

EX PARTE ADMINSTRATIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

3

other named defendants, *see* Docket Nos. 39, 42, Plaintiff summarily denied Christopher's request. *See* Idell Decl. § 3, Ex. "A".

Good cause exists for a thirty-day extension of the time for Christopher to answer or otherwise respond to Plaintiff's second amended complaint. Given the long history between Geerte and David, and the nature of this action (defamation and false light invasion of privacy), there exist many legal and factual, as well as procedural, issues that require consideration before counsel decides on a litigation strategy in response to Plaintiff's second amended complaint. Idell Decl. § 4.

Accordingly, Christopher requests an extension of at least thirty (30) days from January 30, 2018 to answer or otherwise respond to Plaintiff's second amended complaint, *i.e.*, to and including March 1, 2018. Idell Decl. § 5.

The requested extension will not alter any events or deadlines. Idell Decl. § 6. No prior extension of time has been sought or granted by Christopher. Idell Decl. § 6.

Christopher respectfully requests that this motion be granted.

Respectfully submitted,

THE IDELL FIRM, A PROFESSIONAL CORPORATION

Dated: January 19, 2018    By:    /s/ Ory Sandel
                                  Richard J. Idell (SBN 069033)
                                  Ory Sandel (SBN 233204)
                                  *Attorneys for Defendant Christopher Perry Hunter*