UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEERTE M. FRENKEN,<br>Plaintiff,<br>v.<br>CHRISTOPHER PERRY HUNTER,<br>Defendant. | Case No. 17-cv-02667-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 70 |

Pending before the Court is a motion to dismiss Plaintiff Geerte Frenken's third amended complaint, Dkt. No. 69 ("TAC"), filed by Defendant Christopher Perry Hunter, Dkt. No. 70 ("Mot."). Briefing on this motion is complete. *See* Dkt. Nos. 75 ("Opp."), 76 ("Reply"). The Court took the motion under submission on August 14, 2018. *See* Dkt. No. 79; Civ. L.R. 7-1(b). After carefully considering the parties' arguments, the Court **GRANTS** Defendant's motion.

I.  **BACKGROUND**

On May 9, 2017, Plaintiff, proceeding *pro se*, filed suit against her then recently deceased former husband, David Hunter ("the Decedent"), asserting claims for defamation and false invasion of privacy. *See* Dkt. No. 1. Shortly after filing her initial complaint, Plaintiff amended her complaint twice, partly to account for the Decedent's passing. Plaintiff's second amended complaint named several defendants, including Christopher Perry Hunter in both his individual capacity and in his capacity as "Executor, Trustee, Fiduciary, and/or Beneficiary" of the Decedent's estate. *See* Dkt. No. 23, at 3. The Court dismissed Plaintiff's second amended complaint with prejudice as to all other defendants and as to Christopher Perry Hunter in his individual capacity. *See* Dkt. No. 68 at 7–8 ("Order").

The operative complaint now only names Christopher Perry Hunter as Defendant in his

alleged capacity as "Executor, Fiduciary, Grantor, Guardian, Trustee and Beneficiary of the Estate of David John Hunter, currently known as 'The David John Hunter Revocable Trust.'" TAC at 1. The central underlying facts of Plaintiff's complaint relate to allegations that Decedent sent messages through Twitter (i.e., "tweets") that disparaged Plaintiff and tarnished her personal and professional reputation. *See, e.g.*, TAC at 2–3, 5–7. As to Defendant, Plaintiff alleges that he "willfully and intentionally neglected to contact Twitter to instruct the removal of Decedent's defamatory Twitter account . . . and failed to offer formal apologies to those affected." *Id.* at 2. Plaintiff also alleges that he facilitated an attorney in "us[ing] Decedent's defamatory publications against Plaintiff to gain guardianship" of a child. *Id.* at 2–3.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A district court may dismiss a complaint with prejudice where the plaintiff has failed to correct deficiencies previously identified by the Court. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's third amended complaint primarily "as a matter of law, rather than as a matter of fact." Reply at 2. To wit, Defendant argues that the operative complaint constitutes "a demand for payment" against the Decedent's estate based on the "[l]iability of deceased settlor." *See* Mot. at 5 & 5 n.3 From this starting point, Defendant argues that a claim based on the Decedent's conduct against a Decedent's estate cannot proceed unless a plaintiff first files a claim against the Decedent's estate in state probate court. *Id.* at 5–6. Defendant then notes that a filing in state probate court against a Decedent's estate based on the Decedent's conduct must be made within one year of the Decedent's death. *Id.* And given that the Decedent here passed away over one year ago and Plaintiff does not allege to have filed a claim in California probate court, Defendant asserts that Plaintiff's current claim is "indisputably barred by the statute of limitations." *Id.* at 5. Defendant separately argues that Plaintiff has failed to state facts to support her claims. *See* Mot. at 7 n.7; Reply at 2 n.1

To the extent Plaintiff seeks to hold Defendant accountable solely for Decedent's conduct and solely as Decedent's successor in interest, those claims are barred for the procedural reasons set forth in Defendant's motion, which Plaintiff does not dispute in her opposition brief. *See* Mot. at 5–7. That alone, however, does not warrant dismissal of Plaintiffs' operative complaint. The Court granted leave to afford Plaintiff the opportunity to identify personal wrongdoing of Defendant committed in his representative capacity. *See* Order at 6–8. Such personal wrongdoing, if adequately alleged, would not be barred by the procedural hurdles Defendant identified. Plaintiff's third amended complaint, however, does not adequately allege personal wrongdoing committed by Defendant in his representative capacity that could plausibly give rise to liability for the causes of actions asserted.

To survive Defendant's motion to dismiss, Plaintiff must have asserted facts that could plausibly support a claim of defamation against Defendant in his representative capacity.[1] "The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged,

---

[1] "When a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action." *Jackson v. Mayweather*, 217 Cal. Rptr. 3d 234, 256 (Ct. App. 2017).

3

and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007). The only published statement properly attributed to Defendant in his representative capacity in the operative complaint relates to a statement an attorney made in open court "to gain guardianship of the Minor Child." *See* TAC at 8; Opp. ¶11(c). First, that statement was published by the attorney; not Defendant. Second, even if those statements could be properly attributed to Defendant, statements in open court are absolutely privileged from defamation actions under California law. *See* Cal. Civ. Code § 47(b); *see also Albertson v. Raboff*, 295 P.2d 405, 409 (Cal. 1956) (explaining that this absolute privilege exists "to afford litigants the utmost freedom of access to the courts to secure and defend their rights without fear of being harassed by actions for defamation").

## IV. CONCLUSION

Because Plaintiff fails to state a claim for relief that is plausible on its face, the Court **GRANTS** Defendant's dismissal motion. And having previously afforded Plaintiff leave to amend to address the same deficiencies present in this complaint, the Court finds that permitting leave to amend again would be futile and thus **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's third amended complaint. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (dismissal without leave to amend is not an abuse of discretion if amendment would be futile); *Zucco Partners, LLC*, 552 F.3d at 1007 (affirming dismissal without leave to amend where court advised plaintiff of pleading deficiencies, but plaintiff failed to correct those deficiencies in amended pleading). The Clerk is directed to close the case and enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

Dated: December 24, 2018

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge